1983

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA
2003 JAN 15 P 3:29
BY DEPUTY CLERK

Joseph H Jordan *

CIVIL ACTION NUMBER: ______

CLERK: 03CV33-B-M3

VERSUS

DATE FILED: ______

James M LeBlanc
Dixon Corr. Inst.

* * * * * * * *

## A COMPLAINT UNDER THE CIVIL RIGHTS ACT.
## *42 U.S.C. § 1983*

**Instructions for filing Complaint by Prisoners**
**Under the Civil Rights Act, 42 U.S.C. § 1983**

This packet includes two copies of a complaint form and one copy of the pauper affidavit.

IF YOU ARE A PARISH PRISONER, you must file an original and one copy of your complaint for each defendant you name. For example, if you name two defendants, you must file the original and two copies of the complaint. You should also keep an additional copy of the complaint for your own records.

IF YOU ARE A D.O.C. PRISONER, you must file an original and one copy of your complaint. If the defendants are still employed by the Department of Public Safety and Corrections, only one service copy is needed. Otherwise, you must supply a copy of the complaint and service address for each defendant no longer employed by the Department of Public Safety and Corrections.

All copies of the complaints must be identical to the original.

The names of all parties must be listed in the caption and in part III of the complaint exactly the same.

| INITIALS | DOCKET# |
| --- | --- |
| mt | 1 |

In order for this complaint to be filed, it must be accompanied by the filing fee of $120.00. In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

If you are unable to pre-pay the filing fee and service costs, you may petition the court to proceed in forma pauperis. For this purpose, a pauper affidavit is included in this packet. You must sign the affidavit, and obtain the signature of an authorized officer certifying the amount of money in your inmate account. If pauper status is granted, you will be required to pay an initial filing fee and thereafter, prison officials shall be ordered to forward monthly payments from your inmate account until the entire filing fee is paid.

You will note that you are required to give facts. THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS. ALSO, DO NOT INCLUDE EXHIBITS.

When you have completed these forms, mail the original and copies to the Clerk of the United States District Court for the Middle District of Louisiana, 139 U.S. Courthouse 707 Florida Street, Baton Rouge, La. 70801.

I. Previous Lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?
Yes ( ) No (✓)

B. If your answer is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit
Plaintiff(s)______________________________

______________________________

______________________________

Defendants ______________________________

______________________________

______________________________

2. Court. If federal court, name the district, if state court, name the parish.

______________________________

______________________________

______________________________

3. Docket Number: ______________________________

4. Name of Judge to whom case was assigned: ______________________________

5. Disposition: for example: Was the case dismissed? Is it still pending?

______________________________

✓ 6. Date of filing lawsuit: ______________________________

✓ 7. Date of disposition: ______________________________

C. Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or failure to state a claim for which relief can be granted?

Yes ( ) No (✓)

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought.

______________________________

II. Place of present confinement: Dixon Correctional Inst.

A. Is there a prisoner grievance procedure in this institution?

Yes (✓) No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?

Yes (✓) No ( )

C. If your answer is yes:

1. Identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed. DCI - 2002 - 328 -

______________________________

2. What steps did you take? 1 st And 2 Nd steps

3. What was the result? "Denied."

D. If your answer is No, explain why not:

III. Parties

In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.

A. Name of plaintiff(s) Joseph Jordan

B. Address Dixon CorrectionAl Inst.
PO Box 788 Hwy 68 JAckson LA 70748

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

B. Defendant (JAmes M. Le BlAnce)
is employed as WArden.
at Dixon Correctional Inst.

C. Additional Defendants:
(WArden Booty) (Capt. McCoy) (Lt. Col. Bendly) (Capt. Turner) (Lt. Reese) (Gwen white) (Sgt. Ford) (MAJoR, Bell)

(Cadt. Matthew's) All The Above Correctional Official Are Employed At: Dixon Correctional Institution.

## IV. Statement of Claim

**State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach extra sheets if necessary.**

ON 11-11-02 I Inmate (Joseph Jordan #377129) WAS Involved in A One-on-one fist fight At Dixon Correctional Institution In Rec. Room B. with Inmate (Carey Henderson #350539.) The fight WAS Immediatly Broken up By The Shift Lt. (Lt. Reese) And (Cdt. Matthew's). The shift Capt. (Capt. Turner) WAS Notified. I WAS written up For A Rule #10 simple Fight, And placed In Cell Block-A Adm. Seg. ON The Following DAY 11-12-02 I WAS Being pulled out My Cell, Cell-2 To Be Taking To Disciplinary Court for The Rule #10 simple Fight, And (Lt. moore) Called Cell Block-A Adm. Seg. Informing me Through (Sgt. Temple) That He, (Lt. Moore) Had Changed My Rule #10 simple fight

## V. Relief

**State briefly exactly what you want the court to do for you. Make no legal argument. Cite no cases or statutes. Attach no exhibits. 1. Through investigation and corrections to problem areas. 2. Reduction of present sentence serving. 3. Monetary award for damages to inmates.**

#1. (I Request That The Court's grant me An (Injunction) Demanding My Immediate Release from Adm. Seg.) #2. (Monetary Award For Damages To Inmate.) #3. (My

IV. (Statement Of Claim) (Continue)

To a rule #11 Agg. Fight which shift Capt. (Capt. McCoy) did authorized. Once I inmate (Joseph Jordan #377129) Made it to disciplinary Court before (Lt. Col. Bendly) and (Ms Gwen White) Chairmans of the disciplinary board, I Was deffered on the Rule #10 Simple fight until the following day 11-13-02. On 11-13-02 I Was brought back before the disciplinary board to be Sentenced on a Rule #11 Agg. Fight and Not the rule #10 Simple Fight" which had taken Place at Dixon Correctional Institution, In Rec. Room. B. November 11, 2002. In the disciplinary Report of the Agg. Fight Rule #11 (Lt. Moore) stated That "HE Was ToLD," That I And Inmate (Jessie Bennett #396875) Attacked Inmate (Carey Henderson #350539) At Dixon Correctional Institutional in Rec Room. B. I'm being subject to disciplinary Sanctions in which Violates My procedural due process Rights, Also Lt. Moore along with Capt. McCoy and Major Bell are the officials who initiated the Fabrication of the disciplinary Report which has me Suffering penalties of Confinement For a Charge that I never Comitted and A Agg. Fight that Never took place and If one had took place Lt. Reese and Capt. Matthew's would have seen three inmates fighting being that they was

IV. (Statement of ComPlaint) (Continue)

Fist fight took place between the three inmates. Lt. Moore wrote this Report on November 12, 2002 on B-Team, which I was already in Adm. seg. because the fight had taken place on November 11, 2002 at approximately 10:15 pm that night, on D-Team a ~~feat~~ totaly different Shift from B-Team Lt. Moore Shift. How is Lt. Moore Able to write a disciplinary Report for Agg. Fighting if He wasn't here to see a fight take place at all? And if He would have conducted an investigation He would have talked to Lt. Reese and Capt. Matthew's and IF Two C.I's would have gave any type of Statement in the disciplinary report He would "not" have Stated that he was "ToID" that I and Jessie Bennett Attacked Inmate Carey Henderson.

So on November 13, 2002 on the Charge of Agg. Fight I was sentenced to Ext. Lockdown 10 day's Isolation and Restitution all despite of My excellent disciplinary Conduct. This excessive sentence Could have most certainly been avoided if the disciplinary board members Just would have taking more time and "Evaluated," all evidence presented or stipulated. But instead Lt. Col. Bendlyx and Ms Gwen white Chairman's of the disciplinary board Just went along with the reporting official Report and Statement.

The Disciplinary board members didn't show any Proof of Conducting a Complete and proper

IV. (Statement of Claim) (Cont.)

Incident which never took place at no point and time whatsoever.

Also in the disciplinary Rule and procedures hand book for adult inmates: (States: The accusing employee Must be Summond when the report is based Solely on information from Confidential informants, which the accusing employee never was summoned. That also violates my procedural due process Rights because the board Refused to Summoned the accusing employee.

ON November 11, 2002 I Had a Simple one on one fist fight with Inmate (Carey Henderson #350539) and was Stopped by Lt. Reese and Immediately placed in Adm. Seg. for a Rule #10 Simple fight. Thereafter on November 12, 2002 Lt. Moore upgraded the Rule #10 Simple fight to a Rule #11 Agg. Fight by Stating that "He was Told" and Does not State that he was told by a C.I. More Specifically that he was told by Two C.I's. The evidence presented at disciplinary hearing was insufficient to support a finding of guilt to the Charge of Agg. fighting because appellant and Inmate (Carey Henderson #350539) had a one on one fist fight without any weapons involved on November 11, 2002 and the Appellant was placed in Adm. Seg. for such and the supposeably Confrontation between Inmate (Jessie Bennett #396875) and Inmate (Carey Henderson #350539) was

IV. (Statement of Claim) (Cont.)

2781, 61 L.Ed 2d. 560 (1999) The Court stated that a decision to find guilt must rest on a Conclusion beyond a reasonable doubt that a weapon was used in the fight, or that Two or More inmates was fighting against one or more other inmates. There is no "Sufficient Proofe of either element other than the reporting official Report Stating that appellant admitted that he and Inmate (Jessie Bennett #396875) Approached Inmate (Carey Henderson #350539) and a fight ensured, a allegation that appellant Vehmently denied at his disciplinary hearing and an allegation that have no other Corroborating evidence, Analyzing appellant finding of guilt for Agg. Fighting for sufficiency of evidence of essential elements, It is suppose to be found that appellant either had a weapon or was in Cahoose with one or more other Inmates against one or more different Inmates. And that Element is lacking here.

(Releife Desired:)

#1. (Exspunage of My Disciplinary Record from Date of Incident until Today Date) #2. (Monetary Award Damages) #3. (My Immediate Release From Adm. Seg.) #4. (My Immediate Transfere To A.V.C.C.)

(Disciplinary Record's Be spunged From Date of Incident up Until Today's Date.) #4. (My Immediate Transfere To A.V.C.C.)

**VI Plaintiff's Declaration**

**1. I understand that I an prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.**

**2. I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire filing fee and any costs assessed by the Court, which after payment of the partial initial filing fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.**

**3. I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.**

**Signed this** 19th **day of** Dec. **, 200**2.

Joseph Gordon
**Signature of plaintiff(s)**